UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANITA S. LIMA and SUSAN WRUBLEWSKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POST CONSUMER BRANDS, LLC,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:18-cv-12100-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

Anita S. Lima and Susan Wrublewski ("Plaintiffs") brought a putative class action against Defendant Post Consumer Brands, LLC ("Post"), alleging that Post's advertising and packaging of its Honey Bunches of Oats cereal was deceptive. [ECF No. 25 ("Amended Complaint" or "Am. Compl.") ¶¶ 20–39, 57–103]. Plaintiffs claimed that Post violated state consumer protection laws and unjustly enriched itself by creating the false impression that Honey Bunches of Oats was primarily sweetened with honey. [Id.]. The Court dismissed the Amended Complaint for failure to state a claim. [ECF No. 45]. Presently before the Court is Plaintiffs' motion for reconsideration. [ECF No. 47]. For the reasons discussed herein, the motion for reconsideration is DENIED.

I.   **BACKGROUND**

   A.   **Factual Background**

The following short recitation of facts is drawn from the Amended Complaint. [ECF No. 25]. A more complete version of the facts is provided in the Court's August 13, 2019, Order

("Order").  See Lima v. Post Consumer Brands, LLC, No. 18-cv-12100, 2019 WL 3802885, at *1–4 (D. Mass. Aug. 13, 2019); [ECF No. 45].  Post manufactures and sells several different varieties of cereal under the registered trademark "Honey Bunches of Oats."  U.S. Patent & Trademark Office, Honey Bunches of Oats, Registration No. 1575358, http://tmsearch.uspto.gov/.  Plaintiffs alleged that they purchased Honey Bunches of Oats with Almonds under the mistaken belief that honey was the cereal's exclusive or primary sweetener.  [Am. Compl. ¶¶ 40–45].  Plaintiffs did not look at the ingredient list, which disclosed that honey is the cereal's fifth most prominent sweetener, and instead relied on "several television commercials" and Post's "branding and packaging" that "emphasized the presence of honey."  [Id. ¶¶ 28, 42, 44].  Plaintiffs claimed that Post's packaging and marketing led them to expect that honey was a much more prominent ingredient.  [Id. ¶¶ 41, 44].

   B.   **Procedural Background**

On October 5, 2018, Plaintiffs filed this lawsuit.  [ECF No. 1].  They amended their complaint on February 8, 2019.  [Am. Compl.].  The Amended Complaint sought relief on behalf of five putative classes of consumers who had purchased some variety of Honey Bunches of Oats.  [Id. ¶¶ 46–50].  Plaintiffs asserted seven counts, including violations of state consumer protection laws and unjust enrichment.  [Id. ¶¶ 57–103].

On February 22, 2019, Post filed a motion to dismiss.  [ECF No. 29].  Plaintiffs timely opposed on April 5, 2019.  [ECF No. 35].  Post replied on April 17, 2019.  [ECF No. 39].  Plaintiffs filed a sur-reply on May 3, 2019.  [ECF No. 42].  This Court granted the motion to dismiss on August 13, 2019.  [ECF No. 45].

Plaintiffs filed their motion for reconsideration on September 9, 2019.  [ECF No. 47].  Post responded on September 23, 2019.  [ECF No. 49].

## II.     DISCUSSION

### A.     Legal Standard

Because "[t]he Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration," such motions are usually decided pursuant to either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). See Cent. Produce El Jibarito v. Luna Commercial Corp., 880 F. Supp. 2d 282, 284 (D.P.R. 2012) (citation omitted). In the First Circuit, "a motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Appeal of Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987). Though Plaintiffs do not identify the basis for their motion for reconsideration, they claim that the Court "committed manifest errors of law." [ECF No. 47 at 2, 6]. The Court therefore understands the motion as being brought under Rule 59(e).

Granting a motion for reconsideration under Rule 59(e) "is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "A court . . . may grant a motion for reconsideration where the movant shows a manifest error of law or newly discovered evidence." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81–82 (1st Cir. 2008) (quotation marks omitted). "[S]imple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 852–53 (1st Cir. 2006). "The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004).

**B.     Analysis**

Plaintiffs seek reconsideration of the Court's August 13, 2019, Order granting Post's motion to dismiss and claim that the Court committed errors of law in its dismissal of both Plaintiffs' consumer protection and unjust enrichment claims. [ECF No. 47]. With regard to Plaintiffs' consumer protection claims (Counts I, IV, and VI), Plaintiffs make three arguments. First, they claim that the Court erred in finding that they failed to "explain why they concluded that the word honey and the associated imagery necessarily meant that honey was the primary sweetener, rather than referring to the flavor of the cereal." [Id. at 2 (quoting ECF No. 45 at 12)]. According to Plaintiffs, because honey is a sweetener, they do not have to plead why they perceived it as a sweetener rather than a flavor. [Id.]. Second, Plaintiffs claim that, in light of recent First Circuit precedent, the issue of whether Plaintiffs were reasonable to think that honey was the predominant sweetener should be left to the jury. [Id. at 3]. Third, Plaintiffs argue that whether Post's packaging was ambiguous is a determination of law that should not be made at the motion to dismiss stage. [Id. at 5].

As to their express warranty claims (Counts II, V, and VII), Plaintiffs claim that the Court erred in finding that Post's packaging did not create an express warranty because the Court allegedly failed to consider that an express warranty can be created through the packaging's words and images, including the honey dipper dripping with honey and the bee in flight at issue in this case. [Id. at 6]. Finally, Plaintiffs ask that the Court reconsider its denial of their request for leave to amend. [Id. at 7–8].

        1.     Plaintiffs' Consumer Protection Claims

Plaintiffs allege that the Court erred in dismissing their claims that Post violated various consumer protection laws (Counts I, IV, and VI). First, Plaintiffs argue that the Court wrongly

considered whether a reasonable consumer would find that Post's packaging unambiguously advertised that its cereal was predominantly sweetened with honey, as that is a factual determination that should have been left to a jury. [Id. at 3–4]. Plaintiffs raised the same argument when opposing Post's motion to dismiss, though without the benefit of recent First Circuit law. [ECF No. 35 at 19–20].

Plaintiffs predominantly rely on the First Circuit's decision Dumont v. Reily Foods Co., 934 F.3d 35 (1st Cir. 2019). The Court previously distinguished Plaintiffs' claims from Dumont in its Order. [ECF No. 45 at 12 n.5]. Though the panel in that case found that the question of whether a label was misleading was best left to a jury, both the majority and dissent acknowledged that "the boundaries of what may qualify for consideration as a . . . violation is a question of law." Dumont, 934 F.3d at 40 (quoting Chervin v. Travelers Ins. Co., 858 N.E.2d 746, 759 (2006)); id. at 44 (Lynch, J., dissenting); see also Baker v. Goldman, Sachs & Co., 771 F.3d 37, 49 (1st Cir. 2014) ("[W]hether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact, but whether that conduct rises to the level of a . . . violation is a question of law." (internal citations and quotation marks omitted)).

In this case, the Court did not consider the factual matter of whether Plaintiffs were misled by Post's packaging and marketing, which is a jury issue. The Court appropriately considered, however, "whether the complaint's allegations ma[d]e it plausible that, on a full factual record, a factfinder could reasonably regard the label as having the capacity to mislead." Dumont, 934 F.3d at 40. The Court analyzed whether the packaging could be understood as misleading both under 21 C.F.R. § 101.22, which provides requirements for identifying food's "primary recognizable flavors(s)," and 21 C.F.R. § 101.18, which provides guidance on misbranding of food, such as when packaging references an ingredient that the food does not

5

contain. Because Honey Bunches of Oats contains honey, the Court found that, under those relevant regulations, the packaging was not objectively misleading as a matter of law. [ECF No. 45 at 10–16].

Similarly, Plaintiffs argue that the Court should not have determined whether Post's branding and marketing unambiguously conveyed the message that honey was the primary sweetener, and should have instead relied on "Plaintiffs' allegation that Post's labeling conveyed the *unambiguous* message that honey was the primary sweetener." [ECF No. 47 at 5 (emphasis in original)]. Here, the Court did not consider factual questions, but rather made legal determinations concerning the sufficiency of Plaintiffs' pleading. [ECF No. 45 at 10–16]. Whether the Plaintiffs were misled by the allegedly ambiguous packaging is a question of fact. Whether that packaging was ambiguous is a question of law. Though "whether the label had the capacity to mislead customers, acting reasonably under the circumstances" is "one of fact," the Court must still define the boundaries and determine "the point at which a juror could reasonably find only one way." Dumont, 934 F.3d at 40–41. The Court determined that, because Honey Bunches of Oats does actually contain honey, its use of imaging and branding was permissible under the regulations discussed above, so long as the packaging did not make any misleading reference to the amount of honey or use of honey as a sweetener. [ECF No. 45 at 14–16]. Therefore, Plaintiffs would need to demonstrate why a reasonable consumer could be led to believe that Honey Bunches of Oats not only contained honey, but used honey as the primary sweetener.

Finally, Plaintiffs argue that, consistent with Dumont, they should not have the burden of pleading why they concluded that honey was a sweetener, as opposed to a flavor. [ECF No. 47 at 2–3]. Dumont, however, is distinguishable. In that case, the panel considered a claim that it

6

was misleading to advertise coffee as "hazelnut crème" when the coffee did not contain hazelnuts and was not properly labeled as being naturally or artificially flavored. Dumont, 934 F.3d at 40–41. The majority found that a reasonable consumer could have been led to believe that the coffee contained hazelnuts. Id. Therefore, under Dumont, if Honey Bunches of Oats did not actually contain honey, the Court would be required to find that Post's packaging and marketing were misleading.

The majority in Dumont was explicit, however, in explaining that it found "no unfair cost in recognizing a state-law claim . . . can only be lodged against manufacturers that fail to adhere to the rules and safe harbors that have been created by the FDA and that help form consumers' expectations in reading labels." Id. at 41. In this case, Plaintiffs have not claimed that Post's packaging violated FDA regulations. [ECF No. 45 at 12 n.5]. Because honey is a characterizing flavor and the cereal actually includes honey as an ingredient, it was permissible for Post to use the images of honey and bees. If the cereal did not contain honey, then Post would be required to include sufficient cautionary language explaining that it was naturally or artificially flavored. Because the cereal does contain honey, however, the burden is on Plaintiffs to plead why Post's packaging and marketing would lead a consumer to believe that the cereal was not only honey flavored and contained honey, but also that honey was the primary sweetener. See In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig., No. 16-cv-1442, 2017 WL 4676585, at *5 (C.D. Cal. Oct. 10, 2017) (analyzing the complaint to determine whether plaintiffs had alleged that "maple & brown sugar" was a flavor or a sweetener). As the Court explained in its Order, the Plaintiffs have failed to plead why they believed honey was a sweetener and not only a flavor. Plaintiffs request for reconsideration of its dismissed consumer protection claims is therefore DENIED.

2. <u>Plaintiffs' Express Warranty Claims</u>

Plaintiffs next argue that the Court erred in dismissing their express warranty claims (Counts II, V, and VII) because, through the combination of words and images on the packaging, "a jury could well find that th[e] branding and labeling promised the specific result that the cereal was sweetened predominantly with honey . . . ." [ECF No. 47 at 6].  Plaintiffs' argument relies on the assumption that the Court's Order dismissing the claim interpreted the Uniform Commercial Code as not including reference to images or any description of the goods.  [<u>Id.</u> at 6].

The Court's analysis depended on no such assumption.  The Court was explicit in its analysis of "the use of the Honey Bunches of Oats brand name [and] the imagery on the packaging" to determine whether Post made an express warranty.  [ECF No. 45 at 22]; <u>see also</u> [<u>id.</u> (noting that "express warranties may be created by an 'affirmation of fact or promise,' a 'description of the goods,' or a 'sample or model which is part of the basis of the bargain'") (first quoting Mass. Gen. Laws ch. 106 § 2-313(1)(b) and then quoting Minn. Stat. § 336.2-313(1)(b))].  Plaintiffs have failed to demonstrate that the Court's analysis depended on a misinterpretation of law.  Their motion to reconsider their express warranty claims is therefore <u>DENIED</u>.

3. <u>Plaintiff's Request for Leave to Replead</u>

Finally, Plaintiffs ask that the Court give leave to amend.  This would be Plaintiffs' second opportunity to amend, as the Court has already allowed Plaintiffs to amend the complaint once.  [ECF No. 25]; <u>see also</u> [ECF No. 45 at 23 ("Because the complaint has already been amended once and the Court concludes that further amendment would be futile, the dismissal is with prejudice.")].

Following the Court's Order, Plaintiffs commissioned a survey of roughly 400 consumers regarding the Court's decision. [ECF No. 47 at 7]. Plaintiffs included a picture of the packaging at issue in this case and asked those surveyed what they believed the primary sweetener to be. Apparently 68% of those surveyed believed that honey was the primary sweetener, while 79.5% believed that honey was one of the product's main three ingredients. [Id. at 7–8]. Plaintiffs request leave to file an amended complaint that would include these survey results. [Id.]. Plaintiffs did not attach the survey for the Court's review. Likewise, Plaintiffs failed to attach a copy of the proposed second amended complaint to their motion. See Norris v. Global Tel Link Corp., No. 16-cv-11323, 2016 WL 4574639, at *5 (D. Mass. Sept. 1, 2016) (citing Upshaw v. Andrade, No. 10-cv-11517, 2011 WL 3652822, at *2 (D. Mass. Aug. 10, 2011), report and recommendation adopted by 2011 WL 3654408 (D. Mass. Aug. 17, 2011)) (denying plaintiff's motion to amend when plaintiff failed to attach a copy of the proposed amended complaint).

Generally, under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If, however, a motion to amend is filed *after* the entry of judgment, the district court lacks authority to consider the motion under rule 15(a) unless and until the judgment is set aside." Fisher v. Kadant, Inc., 589 F.3d 505, 508 (1st Cir. 2009) (emphasis in original) (citing Palmer, 465 F.3d at 30); see also Acevedo-Villalobos v. Hernández, 22 F.3d 384, 389 (1st Cir. 2006) ("Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)."). Plaintiffs argue that the motion to amend was not filed after the entry of judgment, because they requested leave to amend in their opposition to Post's motion to dismiss. [ECF No. 47 at 7]; see [ECF No. 35].

In Fisher v. Kadant, Inc., 589 F.3d 505 (1st Cir. 2009), the First Circuit considered a motion to amend that was included in the last line of the plaintiffs' opposition to motions to dismiss. 589 F.3d at 507. Specifically, the plaintiffs asked that, "If and to the extent that [the district court] [found] the Complaint deficient in any respect, Plaintiffs request[ed] leave to amend to plead additional facts to cure any deficiency." Id. The First Circuit held that "a passing request for contingent leave to file an amended complaint, made in an opposition to a motion to dismiss, is insufficient, in and of itself, to bring a post-judgment motion for reconsideration within the orbit of Rule 15(a)." Id. at 510.

Like the plaintiffs in Fisher, the issue before the Court is whether the Plaintiffs preserved their motion to amend by requesting the Court's leave in the last line of their opposition. In their opposition, Plaintiffs asked that "if the Court believes any aspect of Post's motion should be granted for a reason that has not previously been subject of amendment, Plaintiffs request leave to amend." [ECF No. 35 at 32]. Such pleading is clearly insufficient under Fisher. 589 F.3d at 508–09. Because the Court declines to reconsider its dismissal of the complaint, it lacks authority to consider Plaintiffs' motion under 15(a). Further, the First Circuit has "explicitly condemned a 'wait and see' approach to pleading, whereby plaintiffs 'having the needed information, deliberately wait in the wings . . . with another amendment to a complaint should the court hold the first amended complaint was insufficient." Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 61 (1st Cir. 2018) (quoting ACA Fin. Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 57 (1st Cir. 2008)). The Court is therefore without authority to consider a second amended complaint.

## III.     CONCLUSION

Accordingly, Plaintiffs' motion for reconsideration [ECF No. 47] is <u>DENIED</u>.

**SO ORDERED.**

October 2, 2019                                                                 /s/ Allison D. Burroughs
                                                                                                ALLISON D. BURROUGHS
                                                                                                U.S. DISTRICT JUDGE